## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASNAT REALTY, LLC and | : | CIVIL ACTION NO. |
| EVERGREEN POWER, LLC, | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| STATE AUTOMOBILE MUTUAL | : | |
| INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | DECEMBER 21, 2012 |

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF CONNECTICUT:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, State Automobile Mutual

Insurance Company ("State Auto"), hereby submits this notice of removal of the above-entitled

civil action from the Superior Court of Connecticut for the Judicial District of New Haven at

New Haven ("the State Action") to the United States District Court for the District of

Connecticut.  Removal of this action, as explained below, is based upon diversity of

citizenship, pursuant to 28 U.S.C. § 1332(a).

In support of the removal of this case, State Auto submits the following:

1. State Auto is a defendant in the above-entitled civil action, bearing a return date

of December 18, 2012, brought in the Connecticut Superior Court.  Copies of the Summons

and Complaint in that action are attached hereto as **Exhibit A**.  The plaintiffs formally served

State Auto, via the Office of the Insurance Commissioner of the State of Connecticut, on

November 27, 2012.  State Auto received the Summons and Complaint on December 3, 2012.

2.      At the time the State Action was commenced, State Auto was (and continues to be) a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 518 East Broad Street in Columbus, Ohio.  State Auto is not a citizen of the State of Connecticut.

3.      Upon information and belief, plaintiff ASNAT Realty, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 220-46 73rd Avenue in Bayside, New York.

4.      Upon information and belief, plaintiff Evergreen Power, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 220-46 73rd Avenue in Bayside, New York.

5.      Removal to federal court is appropriate based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because:

a.      The plaintiffs and State Auto are citizens of different states and were citizens of different states at the time the State Action was commenced.

b.      The Complaint seeks, *inter alia*, monetary damages and a declaration that State Auto must undertake specific performance of its alleged obligations under a certain performance bond.

c.      Based on the allegations in the Complaint, State Auto reasonably believes that the amount sought by the plaintiffs exceeds $75,000.

d.      Based on the foregoing, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2

6.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the

plaintiffs' Summons and Complaint in this action were served upon State Auto on November

27, 2012, which is within 30 days of the filing of this Notice of Removal.  State Auto first

received the Summons and Complaint on December 3, 2012.

7.      Pursuant to 28 U.S.C. § 1446(d), State Auto has, as of this date, notified the

Connecticut Superior Court of the filing of this Notice of Removal.  A copy of the Notice of

Removal filed in the Connecticut Superior Court is attached hereto as **Exhibit B**.

8.      Pursuant to the Standing Order on removed cases, a Statement of Removed Case

and a Notice of Pending Motions are being filed simultaneously herewith.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, State Auto

does hereby remove the aforementioned action from the Connecticut Superior Court, to

henceforth proceed in this Court.

DEFENDANT:
STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY

By: /s/ Frank A. Sherer III
        Louis R. Pepe (ct04319)
        lpepe@mdmc-law.com
        Frank A. Sherer III (ct27149)
        fsherer@mdmc-law.com
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        One State Street, 14th Floor
        Hartford, CT 06103
        Tel:  860-522-5175
        Fax:  860-522-2796

FAS/34446/2/1124106v1
12/21/12-HRT/LFG

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, on this 21st day of December, 2012, to the following:

**COUNSEL FOR THE PLAINTIFFS, ASNAT REALTY, LLC AND EVERGREEN
POWER, LLC:**

Bryan R. Weber, Esq.
Gogick, Byrne & O'Neill, LLP
112 Prospect Street
Stamford, CT  06901

/s/      Frank A. Sherer III
Frank A. Sherer III

**EXHIBIT A**
**(Summons and Complaint)**

# *STATE OF CONNECTICUT*
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

<u>November 27, 2012</u>    RECEIVED    <u>11:03 am</u>

12-3-12
ob

*Insurance Commissioner*



# *STATE OF CONNECTICUT*
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

JAMES A. YANO
STATE AUTOMOBILE MUTUAL INS CO
518 E. BROAD STREET
COLUMBUS, OHIO 43215

_____

**Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.**

**Respectfully yours,**

*Insurance Commissioner*

11/27/12  11:03Am  SW

| SUMMONS - CIVIL | STATE OF CONNECTICUT | See page 2 for instructions |
|---|---|---|

**SUMMONS - CIVIL**
JD-CV-1   Rev. 9-12
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259.  P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503-6800 | December 18, 2012 |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | New Haven | Major: C   Minor: 00 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Gogick, Byrne & O'Neill, LLP, 112 Prospect Street, Stamford, CT 06901-1207 | 423769 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 327-7561 | |

| Number of Plaintiffs: 2 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Asnat Realty, LLC, 20-46 73rd Avenue, Bayside, New York 11364 Address: | P-01 |
| Additional Plaintiff | Name: Evergreen Power, LLC, 20-46 73rd Avenue, Bayside, New York 11364 Address: | P-02 |
| First Defendant | Name: State Automobile Mutual Insurance Company, Address: c/o State of Connecticut Insurance Commissioner, as Agent for Service, 153 Market Street, 7th Floor, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name: Address: | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Bryan R. Weber, Esq. | Date signed 11/26/2012 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

ATTEST: TRUE COPY
Peter J. Privitera
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Bryan R. Weber, Esq, 112 Prospect Street, Stamford, CT 06901-1207

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 11/26/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

ASNAT REALTY, LLC and EVERGREEN       :   SUPERIOR COURT
POWER, LLC                            :
                                      :
        Plaintiff                     :   J.D. OF NEW HAVEN
                                      :
                                      :
    - against -                       :   AT NEW HAVEN
                                      :
STATE    AUTOMOBILE    MUTUAL         :
INSURANCE COMPANY                     :
                                      :
        Defendant                     :   NOVEMBER 26, 2012


### COMPLAINT

Third-party Plaintiff, ASNAT REALTY, LLC and EVERGREEN POWER, LLC, by counsel, Gogick, Byrne & O'Neill, LLC, for its Complaint against Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, states the following:

### PARTIES

1. Plaintiff, ASNAT REALTY, LLC, is a Delaware Limited Liability Company, having a place of business at 220-46 73rd Avenue, Bayside, New York 11364 (hereafter "Asnat").

2. Plaintiff, EVERGREEN POWER, LLC, is a Delaware Limited Liability Company, having a business mailing address of 220-46 73rd Avenue, Bayside, New York 11364 (hereafter "Evergreen").

3. Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY (hereafter "State Auto"), Ohio Corporation with its principal place of business at 518 East Broad Street, Columbus, Ohio

43215; and licensed insurance provider by the State of Connecticut.

## FACTUAL BACKGROUND

4. Evergreen and Asnat entered into a written agreement (hereafter "Contract") dated June 27, 2011 with Grant Mackay Company, Inc (hereafter "Grant") for work at 510 Grand Avenue, New Haven, Connecticut, a/k/a English Station (hereafter "the premises"). Whereby Grant Mackay, as general contractor, agreed to environmentally remediate the premises and demolish the structures on the premises (hereafter "the work") in return for salvage value of the building and payment by Grant to Evergreen and Asnat the sum of $100,000.

5. The Contract was bonded by State Auto pursuant to a Performance Bond dated June 30, 2011, and carrying Bond No. SUR 6014403, as well as a Payment Bond, dated June 30, 2011 and carrying a Bond No. SUR 6014403.

6. Most notably, the Performance Bond stated the following relevant provisions:

      a. Section 4.2 of the Performance Bond: "The Surety shall promptly and at the Surety's expense…[u]ndertake to perform and complete the Construction Contract itself, through its agents or through an independent contractor."

      b. Section 4.3 of the Performance Bond: "Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the

Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages…in excess of the value of the remaining work plus all costs incurred by the Owner related to the Contractor's default minus the value of any remaining salvage materials.

c. Section 6.1 of the Performance Bond: "To the limit of the amount of this Bond ($3,000,000), the Surety is obligated without duplication for the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract."

d. Section 6.2 of the Performance Bond: To that same limit the Surety is responsible for "[a]dditional legal, design professional and delay costs resulting from the Contractor's default, and resulting from the actions or failure to act of the Surety."

e. Section 6.3 of the Performance Bond: The Surety is also responsible for "liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by the delayed performance or non-performance of the Contractor."

7. Grant subcontracted the work to Classic Environmental. The Subcontractor alleged to have worked from September 2011 through February 2012. At that time Classic and Grant ceased their services at the premises. The contracted for remediation and demolition was not completed at this time and remains incomplete.

8. On May 30, 2012, Evergreen and Asnat provided formal notice to State Auto and Grant regarding Grant's default under the contract. The notice terminated the contract due to default

and invoked Evergreen and Asnat's rights and remedies under the Performance Bond.

9.   On June 14, 2012, State Auto denied Evergreen and Asnat's claim against the Bond.

10.   State Auto noted, incorrectly, that the Bond was never activated based on the terms of the Contract.

11.   State Auto has improperly denied Evergreen and Asnat's claims and should be compelled by this Court to perform under the terms of the Performance Bond.

### COUNT ONE: Breach of Contract by State Auto

12.   Evergreen and Asnat incorporates and re-alleges the factual allegations contained in paragraphs "1" through "11" above as if set forth fully herein.

13.   Evergreen and Asnat satisfied the conditions of Paragraph 3 of the Performance Bond or they have been waived.  Evergreen and Asnat have provided written notice to State Auto that Grant has failed to perform its services pursuant to the contract. Evergreen and Asnat have made written demands upon State Auto to perform its obligations under the Performance Bond.

14.   State Auto has breached its contractual obligations to Evergreen and Asnat under the Performance Bond.  State Auto's breach includes, without limitation, failure to perform its obligations set forth in Paragraph 4 of the Performance Bond by making arrangements to undertake the work on its own or obtain

bids and proposals for the work to be completed at Evergreen and Asnat's consent.

15. As a foreseeable result of State Auto's breach of the Performance Bond, Evergreen and Asnat have been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff seeks the following relief:

1. Compensatory Damages in the amount of the full penal sum of the Performance Bond;

2. Liquidated Damages;

3. Design Professional and delay costs associated with the project due to State Auto's failure to perform;

4. Interest;

5. Costs of this Action;

6. Attorney fees;

7. State Auto to be compelled to complete the remaining work of the contract pursuant to Section 4.2 and 6.1 of the Performance Bond;

8. State Auto to be compelled to obtain proposals and bids to complete of the work pursuant to Section 4.3 of the Performance Bond;

9. Such further relief as the Court deems just and proper.

The amount, legal interest or property in demand is greater than $15,000.00, exclusive of interest and costs.

BRYAN R. WEBER, ESQ.
GOGICK, BYRNE & O'NEILL, LLP
Attorneys for PLAINTIFFS,
ASNAT REALTY, LLC and
EVERGREEN POWER, LLC.
112 Prospect Street
Stamford, CT. 06901
(203)327-7561
Fax (203) 966-1431

**Service:**

State Automobile Mutual
   Insurance Company
c/o State of Connecticut
Insurance Commissioner,
Agent for Service
153 Market Street, 7th Floor
Hartford, CT 06103

ATTEST:
A TRUE COPY
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY



**EXHIBIT B**
**(Notice to Superior Court of Removal)**





**Instructions:** Additional information about this transaction is provided below. Use the browser's print function to print a copy of this Confirmation. Then, select the "Back to E-Filing Menu" or "Logout".

| Print | Back to E-Filing Menu | Logout |

### Confirmation of E-Filing

| | |
|---|---|
| **Docket Number:** | NNH-CV-12-6034718-S |
| **Case Name:** | ASNAT REALTY, LLC Et Al v. STATE AUTOMOBILE MUTUAL INSURANCE COMPANY |
| **Type of Transaction:** | Pleading/Motion/Other |
| **Date Filed:** | Dec-21-2012 |
| **Motion/Pleading by:** | MCELROY DEUTSCH MULVANEY & CARPENTER/PH Juris# 101812 |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, December 21, 2012 11:18:04 AM |

| E-File Another Pleading/Motion/Other on this Case |

DOCKET NO.: NNH-CV-12-6034718-S     :     SUPERIOR COURT
         :
ASNAT REALTY, LLC and          :     JUDICIAL DISTRICT
EVERGREEN POWER, LLC          :     OF NEW HAVEN
         :
v.          :     AT NEW HAVEN
         :
STATE AUTOMOBILE MUTUAL          :
INSURANCE COMPANY          :     DECEMBER 21, 2012

## <u>NOTICE TO SUPERIOR COURT OF REMOVAL</u>

**PLEASE TAKE NOTICE** that the defendant, State Automobile Mutual Insurance Company, has filed a Notice of Removal in the United States District Court for the District of Connecticut for removal of this action thereto.  The basis for removal of this action is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).  A copy of the Notice of Removal (without exhibits) is attached hereto as **Exhibit A**.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446(e), this court "shall proceed no further unless and until the case is remanded."

DEFENDANT:
STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY

By: /s/   Frank A. Sherer III
        Louis R. Pepe
        Frank A. Sherer III
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        One State Street, 14th Floor
        Hartford, CT 06103
        Tel:  860-522-5175
        Fax:  860-522-2796
        Juris No. 101812

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first-class mail, postage

prepaid, on this 21st day of December, 2012, to the following:

**COUNSEL FOR THE PLAINTIFFS, ASNAT REALTY, LLC AND EVERGREEN POWER, LLC:**

Bryan R. Weber, Esq.
Gogick, Byrne & O'Neill, LLP
112 Prospect Street
Stamford, CT  06901


/s/     Frank A. Sherer III
        Frank A. Sherer III

**EXHIBIT A**
**(Notice of Removal)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ASNAT REALTY, LLC and | : | CIVIL ACTION NO. |
| EVERGREEN POWER, LLC, | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| STATE AUTOMOBILE MUTUAL | : | |
| INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | DECEMBER 21, 2012 |

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF CONNECTICUT:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, State Automobile Mutual

Insurance Company ("State Auto"), hereby submits this notice of removal of the above-entitled

civil action from the Superior Court of Connecticut for the Judicial District of New Haven at

New Haven ("the State Action") to the United States District Court for the District of

Connecticut.  Removal of this action, as explained below, is based upon diversity of

citizenship, pursuant to 28 U.S.C. § 1332(a).

In support of the removal of this case, State Auto submits the following:

1.    State Auto is a defendant in the above-entitled civil action, bearing a return date

of December 18, 2012, brought in the Connecticut Superior Court.  Copies of the Summons

and Complaint in that action are attached hereto as **Exhibit A**.  The plaintiffs formally served

State Auto, via the Office of the Insurance Commissioner of the State of Connecticut, on

November 27, 2012.  State Auto received the Summons and Complaint on December 3, 2012.

2.      At the time the State Action was commenced, State Auto was (and continues to be) a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 518 East Broad Street in Columbus, Ohio.  State Auto is not a citizen of the State of Connecticut.

3.      Upon information and belief, plaintiff ASNAT Realty, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 220-46 73rd Avenue in Bayside, New York.

4.      Upon information and belief, plaintiff Evergreen Power, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 220-46 73rd Avenue in Bayside, New York.

5.      Removal to federal court is appropriate based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because:

      a.      The plaintiffs and State Auto are citizens of different states and were citizens of different states at the time the State Action was commenced.

      b.      The Complaint seeks, *inter alia*, monetary damages and a declaration that State Auto must undertake specific performance of its alleged obligations under a certain performance bond.

      c.      Based on the allegations in the Complaint, State Auto reasonably believes that the amount sought by the plaintiffs exceeds $75,000.

      d.      Based on the foregoing, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2

6.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the plaintiffs' Summons and Complaint in this action were served upon State Auto on November 27, 2012, which is within 30 days of the filing of this Notice of Removal.  State Auto first received the Summons and Complaint on December 3, 2012.

7.      Pursuant to 28 U.S.C. § 1446(d), State Auto has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal.  A copy of the Notice of Removal filed in the Connecticut Superior Court is attached hereto as **Exhibit B**.

8.      Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, State Auto does hereby remove the aforementioned action from the Connecticut Superior Court, to henceforth proceed in this Court.

DEFENDANT:
STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY

By: /s/ Frank A. Sherer III
        Louis R. Pepe (ct04319)
        lpepe@mdmc-law.com
        Frank A. Sherer III (ct27149)
        fsherer@mdmc-law.com
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        One State Street, 14th Floor
        Hartford, CT 06103
        Tel:  860-522-5175
        Fax:  860-522-2796

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on this 21st day of December, 2012, to the following:

**COUNSEL FOR THE PLAINTIFFS, ASNAT REALTY, LLC AND EVERGREEN POWER, LLC:**

Bryan R. Weber, Esq.
Gogick, Byrne & O'Neill, LLP
112 Prospect Street
Stamford, CT  06901

/s/     Frank A. Sherer III
        Frank A. Sherer III